Maddox v Episcopal Health Servs., Inc.

2026 NY Slip Op 02975

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Teoni Maddox, appellant,

v

Episcopal Health Services, Inc., etc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2023-07950, 2024-00312, (Index No. 719701/21)

Mark C. Dillon, J.P.

William G. Ford

Deborah A. Dowling

Susan Quirk, JJ.

The Rizzuto Law Firm, Uniondale, NY (Kristen N. Reed of counsel), for appellant.

Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains, NY (Samantha E. Quinn of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for negligence, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated June 15, 2023, and (2) an order of the same court (Tracy Catapano-Fox, J.) dated October 13, 2023. The order dated June 15, 2023, granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint. The order dated October 13, 2023, denied the plaintiff's motion for leave to renew and reargue her opposition to the defendant's prior motion.

ORDERED that the appeal from the order dated October 13, 2023, is dismissed; and it is further,

ORDERED that the order dated June 15, 2023, is reversed, on the law, and the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint is denied; and it is further,

ORDERED that one bill of costs is awarded to the plaintiff.

On February 25, 2021, the plaintiff, Teoni Maddox, who had COVID-19 pneumonia, was admitted to the hospital operated by the defendant, Episcopal Health Services, Inc. Between March 7, 2021, and March 10, 2021, the plaintiff developed multiple pressure ulcers, at least one with necrotic breakdown. She was discharged on March 15, 2021.

In September 2021, the plaintiff commenced this action against the defendant to recover damages for negligence and medical malpractice in connection with the treatment of pressure ulcers. The plaintiff alleged in a verified bill of particulars that the defendant, inter alia, failed to properly prevent, evaluate, and treat her pressure ulcers.

The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, contending that it was immune from liability pursuant to the provisions of the Emergency or Disaster Treatment Protection Act (EDTPA) (Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1). In an order dated June 15, 2023, the Supreme Court granted the defendant's motion. The plaintiff thereafter moved for leave to renew and reargue her opposition to the [*2]defendant's prior motion. In an order dated October 13, 2023, the court denied the plaintiff's motion. The plaintiff appeals.

The appeal from the order dated October 13, 2023, must be dismissed. The appeal from so much of the order as denied that branch of the plaintiff's motion which was for leave to reargue her opposition to the defendant's prior motion pursuant to CPLR 3211(a)(7) to dismiss the complaint must be dismissed, as no appeal lies from an order denying reargument (see Gentry v Mean, 166 AD3d 583). The appeal from so much of the order as denied that branch of the plaintiff's motion which was for leave to renew her opposition to the defendant's prior motion must be dismissed as academic in light of our determination on the appeal from the order dated June 15, 2023 (see id.).

"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable theory" (Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d 618, 618 [internal quotation marks omitted]). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and dismissal shall not eventuate unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Estate of Pierro v Carmel Richmond Healthcare & Rehabilitation Ctr., 241 AD3d 645, 646).

To receive immunity under an August 2020 amendment to the EDTPA, applicable at the time of the defendant's treatment of the plaintiff, the defendant was required to demonstrate that the alleged acts and omissions occurred in the course of providing "health care services" related to "the assessment or care of an individual as it relates to COVID-19, when such individual has a confirmed or suspected case of COVID-19" (Public Health Law former § 3081[5][b] [version eff. Aug. 3, 2020]). Here, the defendant failed to do so, as it did not show that the plaintiff's pressure ulcers were a complication of COVID-19 specifically (see Damiani v WSHCH N., Inc., 244 AD3d 1059).

Moreover, as relevant to this case, the EDTPA provided immunity from civil liability for any harm or damages sustained as a result of an act or omission in the course of providing "health care services," if three conditions were met: "(1) the health care facility was providing health care services pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law, (2) the act or omission occurred in the course of providing health care services and the treatment of the individual was impacted by the health care facility's decisions or activities in response to or as a result of the COVID-19 outbreak and in support of the state's directives, and (3) the health care facility was providing health care services in good faith" (Hyman v Richmond Univ. Med. Ctr., 239 AD3d 617, 618; see Dinunzio v Cobble Hill Health Ctr., Inc., 241 AD3d 643). Here, the defendant's submissions did not establish that the three conditions for immunity were met, where the affidavit relied upon by the defendant was general and conclusory as to the impact of its COVID-19 response on the particular care rendered to the plaintiff that is at issue (see Damiani v WSHCH N., Inc., 244 AD3d 1059; Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d 618).

Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.

The parties' remaining contentions have been rendered academic in light of our determination.

DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court